**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: March 12, 2008**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Laura Ansart

---

**Criminal Case No.   07-cr-00183-8-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Gregory Rhodes |
| v. | |
| 8.   BENJAMIN JOSEPH,<br>      *a/k/a Uncle Ben* | James Castle |
|          Defendant. | |

---

## SENTENCING MINUTES

---

**1:35 p.m.     Court in session.**

The Defendant is present in Court (in on bond).

Court's opening remarks.

The record should reflect that immediately prior to the commencement of these proceedings in open on the record, the Court conferred informally with counsel in chambers to review the process to be used during this sentencing proceeding.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information

in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statements to the court by the defendant.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7 The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Departure [#574] filed February 14, 2008, is **granted in part and denied in part, as stated on the record.** That the Government's Motion for Decrease for Acceptance of Responsibility *Under U.S.S.G. Section 3E1.1(b)* [#589] filed February 27, 2008, is **granted**. That the Government's Motion to Dismiss [#590] filed February 27, 2008, is **granted;** provided furthermore, that Counts 22, 33, and 38 of the original Indictment and the Superseding Indictment are dismissed with prejudice. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#604] filed March 10, 2008, is **granted**. That the Government's Motion for Decrease for Acceptance of Responsibility *and Notice of Sentencing Factors,* [#605] filed March 10, 2008, is **denied as moot.** That the Government's Motion to Dismiss *Superseding Indictment and Counts 22, 23, and 28 of the Indictment* [#606] filed March 10, 2008 is **denied**.

3.  That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Indictment.

4.  That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **TIME SERVED**,

5.  That commencing forthwith, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that at the conclusion of this hearing the defendant, with the assistance of his counsel, if necessary, shall contact probation officer Laura Ansart, to schedule an appointment to read, review, and sign the conditions of supervised release imposed by this court.

6.  That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7.  That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.  That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA; and

    - that the defendant shall submit to one drug test as directed by his probation officer within fifteen days of this date. And thereafter to two periodic tests as directed by the court for the use of controlled substances.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

The Defendant waives formal advisement of appeal.

**2:10 p.m.      Court in recess.**

*Total in court time: 00:35 minutes - Hearing concluded*